NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HARJINDER SINGH,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    15-73072

Agency No. A200-238-233

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 18, 2019[**]
San Francisco, California

Before:  HAWKINS and M. SMITH, Circuit Judges, and LYNN,[***] District Judge.

Harjinder Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his applications for asylum, withholding of removal, and protection

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Barbara M. G. Lynn, United States District Judge for the Northern District of Texas, sitting by designation.

under the Convention Against Torture.  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010).  Substantial evidence supports the agency's adverse credibility determination based on Singh's demeanor and inconsistencies in his testimony and the documentary evidence regarding the April 2010 attack.  *See id.*  Contrary to Singh's contentions, the agency provided specific examples in the record and a sufficient explanation to support its finding that his demeanor indicated a lack of credibility.  *See Huang v. Holder*, 744 F.3d 1149, 1155–56 (9th Cir. 2014).  Further, the record demonstrates that the agency considered Singh's explanations regarding the discrepancies in his testimony and documentary evidence but found the explanations unpersuasive.  In the absence of credible testimony, Singh's claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

15-73072